IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

KEITH ALLEN DEMENT,

      Plaintiff,

v.                                Case No. 2:17-cv-02711

DAVID BALLARD, Warden,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 4, 2017, the plaintiff filed a Complaint under 42 U.S.C. § 1983 (ECF No. 2) alleging that, when he was transferred from the Mount Olive Correctional Complex to the Southern Regional Jail on November 23, 2016, his personal property was not sent with him and he has never received it. According to the envelope in which the initiating documents were mailed, the plaintiff was incarcerated at the Southern Regional Jail in Beaver, West Virginia when he filed his Complaint. However, the plaintiff neither paid the applicable $400 filing fee, nor filed an Application to Proceed Without Prepayment of Fees and Costs.

Thus, on September 25, 2017, the undersigned entered an Order directing the plaintiff to either pay the $400 filing fee or complete an Application to Proceed Without Prepayment of Fees and Costs ("Application") by October 9, 2017. (ECF No. 3). The plaintiff was further notified that this matter would not proceed unless and until he took one of the ordered actions. (*Id.*) The plaintiff failed to pay the filing fee or file an Application and has wholly failed to communicate or participate in this litigation since that time. No mail sent to the plaintiff has been returned as undeliverable.

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

The plaintiff failed to file a new Application as ordered by the court and he did not provide the court with his updated contact information. Thus, this court is unable to move this matter forward. Accordingly, the responsibility for the delay in the progress of this matter is entirely on the plaintiff; and dismissal appears to be the only appropriate sanction. However, because the defendants were never served with process, a dismissal without prejudice may be less drastic.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter, without

prejudice, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at the Potomac Highlands Regional Jail, where he is now incarcerated.

June 21, 2018

Dwane L. Tinsley
United States Magistrate Judge

3